FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
2/22/2022 12:00 AM
JAMIE SMITH
DISTRICT CLERK
D-209350

CAUSE NO._____

| | | |
|---|---|---|
| QUAN DO | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V | § | |
| | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| ROMAN NARVAEZ, G.W. TRUCKING | § | |
| INC., AND GW MATERIALS, INC. et.al | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, **QUAN DO** ("Plaintiff") and would file his Original Petition over and against Defendant **ROMAN NARVAEZ**, Defendant **G.W. TRUCKING, INC.,** Defendant **GW MATERIALS INC.,** Defendant **KARLA MURILLO TEJEDA,** and Defendant **MARIA HERNANDEZ,** collectively referred to as Defendants. In support thereof, Plaintiff would show as follows:

**1.**

Plaintiff intends discovery to be conducted pursuant to Level 3, as set forth and governed by the Texas Rules of Civil Procedure.

**2.**

Your Plaintiff, at all material times herein, is a resident of Jefferson County, Texas.

Defendant **ROMAN NARVAEZ** is living in the State of Florida and may be served at the following address: 9930 SW Dunnellon 151 Pl, Dunnellon, Florida 34432.

Defendant **G.W. TRUCKING, INC.** is a for-profit Florida corporation conducting business all over the country, including Jefferson County, Texas. Said Defendant may be served through its registered agent: Garfield Walsh, 230 Run Doe Run Drive, Winter Garden, Florida 34787.



Copy from re:SearchTX

Defendant **GW MATERIALS INC.** is a for-profit Florida corporation conducting business all over the country, including Jefferson County, Texas. Said Defendant may be served through its registered agent: Garfield Walsh, 230 Run Doe Run Drive, Winter Garden, Florida 34787.

Defendant **KARLA MURILLO TEJEDA** is a resident of Harris County, Texas and may be served with process at the following address: 9888 United Dr. #1203, Houston, Texas 77036.

Defendant **MARIA HERNANDEZ** is a resident of Harris County, Texas and may be served with process at the following address: 10510 Huntington Estates, Houston, Texas 77099.

In the event any parties are misnamed or are not included herein, such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

**3.**

Your Plaintiff shows that jurisdiction and venue are both proper before this Honorable Court. Venue is proper because the incident giving rise to the lawsuit occurred here in Jefferson County, Texas. Although the amount of damages to be awarded to Plaintiff is a matter lying largely within the discretion of the jury, Plaintiff sues for more than $1,000,000.

**4.**

On or about March 19, 2020, Plaintiff **QUAN DO** was traveling on HWY 73 in Jefferson County, Texas. Plaintiff **QUAN DO** was, at all times, operating his vehicle in a safe and reasonable manner. Defendant **KARLA MURILLO TEJEDA** slowed down to pull over to the side of the road causing Plaintiff to apply his brakes. Suddenly, without warning, Defendant **ROMAN NARVAEZ** failed to pay attention to the roadway and smashed into Mr. Do's vehicle with his work truck.

Copy from re:SearchTX

**ROMAN NARVAEZ** was in the course and scope of his employment with Defendant **G.W. TRUCKING, INC.** at the time of the collision.

Following the bad crash, Officer Jeremy Sims of the Port Arthur Police Department investigated the crash and issued two citations to each defendant. Defendant **KARLA MURILLO TEJEDA** received a citation for having an invalid driver's license while Defendant **ROMAN NARVAEZ** reached a citation for failing to control his speed. As a result of Defendants' negligence, Plaintiff is seriously and permanently injured.

**5.**

The collision and resulting injuries were proximately caused by various acts of negligence and/or negligence *per se* on the part of Defendants including but not limited to the following:

(a)  In failing to operate a motor vehicle at a speed that is reasonable and prudent; under the conditions and with regard to the actual and potential hazards then existing;

(b)  In failing to operate a motor vehicle at a speed necessary to avoid colliding with any person, vehicle, or other conveyance on the highway;

(c)  In operating a motor vehicle without a valid license;

(d)  In failing to control his speed;

(e)  In operating his vehicle at an excessive rate of speed under the circumstances and conditions;

(f)  In failing to make a timely application of his brakes;

(g)  In failing to take evasive action;

(h)  In failing to exercise a proper and safe lookout; and

(i)  In violating one or more provisions of the Texas traffic laws.

In addition to being vicariously liable for Defendant **ROMAN NARVAEZ's** negligence, Defendant **G.W. TRUCKING, INC.** is directly liable for Plaintiff's injuries, damages and losses

under the following theories: Negligent entrustment to a reckless, incompetent and/or unsafe driver; Negligent hiring of **ROMAN NARVAEZ**; Negligent retention of **ROMAN NARVAEZ;** and Negligent training of **ROMAN NARVAEZ.**

Likewise, in addition to being vicariously liable for Defendant **KARLA MURILLO TEJEDA's** negligence, Defendant **MARIA HERNANDEZ** is directly liable for Plaintiff's injuries, damages and losses under the following theories: Negligent entrustment to a reckless, incompetent and/or unsafe driver; Negligent hiring of Defendant **KARLA MURILLO TEJEDA**; Negligent retention of Defendant **KARLA MURILLO TEJEDA;** and Negligent training of Defendant **KARLA MURILLO TEJEDA.**

**6**.

As a direct, legal and proximate cause of each of the Defendants' negligence herein, Plaintiff has suffered severe and significant personal injuries. Plaintiff hereby sues for the recovery of the following elements of damages: medical and other health care-related expenses, past and future; physical pain and suffering, past and future; mental anguish, past and future; physical impairment, past and future; and physical disfigurement, past and future. Plaintiff further asserts his right to recover over and from each of the Defendants any and all interest allowed by law including pre-judgment and post-judgment interest along with court costs.

**7.**

Your Plaintiff will further show that the negligence of the Defendants (either jointly or severally) constituted gross negligence, or *malice*, as that term is defined by law. Accordingly, your Plaintiff is entitled to and hereby sue for punitive and/or exemplary damages due to Defendants' gross negligence.

**8.**

Plaintiff hereby provides notice pursuant to Texas Rule of Civil Procedure 193.7 that he intends to use any document or other materials produced by each of Defendants in response to written discovery.

**9.**

Plaintiff fully reserves the right to amend or supplement this Petition.

**10.**

Plaintiff alleges that all conditions precedent to the maintenance of this action have been met or satisfied, in accordance with Rule 54 of the Texas Rules of Civil Procedure.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that each Defendant be served and upon final trial hereof, the Plaintiff recovers against each Defendant all of Plaintiff's damages as set forth herein as well as pre- and post-judgment interest at the legal and lawful rate, all costs of court, and all other and further relief, at law or in equity, to which your Plaintiff may be justly entitled.

**[SIGNATURE BLOCK ON NEXT PAGE]**

Respectfully submitted,

**THE FERGUSON LAW FIRM, L.L.P.**

By: */S/ Cody A. Dishon*

**Cody A. Dishon**
State Bar No. 24082113
cdishon@thefergusonlawfirm.com
jburkett@thefergusonlawfirm.com
**Samantha Leifeste**
State Bar No. 24116662
sleifeste@thefergusonlawfirm.com
350 Pine Street, Ste. 1440
Beaumont, Texas 77701
T. (409) 832-9700
F. (409) 832-9708

**SEAN NGUYEN LAW FIRM, PLLC**
Sean Nguyen
seanlnguyen@gmail.com
State Bar No. 24089071
3444 Gulfway Drive, Suite D
Port Arthur, Texas 77642

**ATTORNEYS FOR PLAINTIFF**

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jessica Burkett on behalf of Cody Dishon
Bar No. 24082113
jburkett@thefergusonlawfirm.com
Envelope ID: 61927081
Status as of 2/22/2022 9:23 AM CST

Associated Case Party: Quan Do

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Sean Nguyen | | seanlnguyen@gmail.com | 2/21/2022 11:30:10 AM | SENT |
| Amy Gardner | | agardner@thefergusonlawfirm.com | 2/21/2022 11:30:10 AM | SENT |
| Jessica Burkett | | jburkett@thefergusonlawfirm.com | 2/21/2022 11:30:10 AM | SENT |
| Cody Dishon | | cdishon@thefergusonlawfirm.com | 2/21/2022 11:30:10 AM | SENT |

Copy from re:SearchTX