IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| QUAN ANH DO,<br><br>        Plaintiff,<br><br>vs.<br><br>GW TRUCKING INC, GW MATERIALS INC, MARIA HERNANDEZ, KARLA MURILLO TEJEDA, ROMAN NARVAEZ,<br><br>        Defendants. | NO. 1:23-CV-00076-MJT |

**REPORT AND RECOMMENDATION DENYING MOTION TO REMAND**

This case is assigned to the Honorable Michael J. Truncale, United States District Judge. On April 27, 2023, Judge Truncale referred Plaintiff's *Motion to Remand* (Doc. No. 8) to the undersigned United States Magistrate Judge for consideration and disposition. Doc. No. 16.

On February 22, 2022, Plaintiff Quan Do ("Do"), a resident of Texas, sued the following defendants in Texas state court: Roman Narvaez ("Narvaez"), a resident of Florida; G.W. Trucking, Inc. ("G.W. Trucking") and G.W. Materials, Inc. ("G.W. Materials"), both Florida corporations; Karla Murillo Tejeda ("Tejeda"), a Texas resident; and Maria Hernandez ("Hernandez"), a Texas resident.[1] Doc. No. 1. Do alleged negligence, negligence per se, and gross negligence claims against all defendants. Doc. No. 2 at 3–4. Do also alleged negligent entrustment, hiring, retention,

---

[1] Do has not pleaded sufficient facts establishing that Tejeda and Hernandez are domiciled in Texas. "Diversity jurisdiction requires complete diversity — no plaintiff can be a citizen of the same state as any defendant." *The Lamar Co., L.L.C. v. Mississippi Transportation Comm'n*, 976 F.3d 524, 530 (5th Cir. 2020), *as revised* (Sept. 24, 2020). Citizenship and residence are not synonymous terms; an allegation of residency alone does not satisfy the requirement of an allegation of citizenship. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). A state where a person is domiciled determines their citizenship for diversity jurisdiction purposes. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007). To establish domicile, a person "must demonstrate both residence in a new state and an intention to remain in that state indefinitely." *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003). However, as stated below, because the undersigned finds that Do has not pleaded sufficient facts to properly allege any claim against either Tejeda or Hernandez, any issues regarding their domicile in Texas are moot.

and training claims against G.W. Trucking. *Id.* Finally, Do alleged negligent entrustment, hiring, retention, and training claims against Hernandez. *Id.* at 4. In resolving the instant *Motion to Remand* (Doc. No. 10), the court must determine whether Do pleaded sufficient facts to suggest a reasonable possibility of recovery against either of the two non-diverse defendants, Tejeda and Hernandez, based on the facts alleged in his state court petition and Texas law.

After careful review of the filings and applicable law, the undersigned finds that Do has not pleaded sufficient facts to suggest a reasonable possibility of recovery on any of his claims against Tejeda and Hernandez. Thus, the undersigned recommends denying Do's *Motion to Remand* (Doc. No. 8) and dismissing Tejeda and Hernandez as parties to this action.

## I.      Factual and Procedural Background

Do is a resident of Texas. Doc. No. 2 at 1. G.W. Trucking and G.W. Materials (collectively, "the G.W. defendants") are corporations organized under Florida law and headquartered in Winter Garden, Florida. *Id.* The G.W. defendants conduct business across the United States, including in Jefferson County, Texas. *Id.* at 1–2. Tejeda and Hernandez are residents of Texas. *Id.* at 2.

According to Do's state court petition, on March 19, 2020, Do was driving along Highway 73 in Jefferson County, Texas, when he was involved in a three-car collision. *Id.* at 2–3. The collision involved three vehicles traveling in a line in the same lane: Tejeda drove the front vehicle, Do drove the middle vehicle, and Narvaez drove the back vehicle. Doc. No. 8-2 at 3. Prior to the collision, Tejeda was driving her vehicle in front of Do and slowed down while attempting to pull over to the side of the road. Doc. No. 2 at 2. Tejeda did not fully pull off the roadway. Doc. No. 8 at 1. As Tejeda slowed down, Do applied his brakes. Doc. No. 2 at 2. While doing so, Do was hit from behind by Narvaez, who was driving his work truck while acting within the course and scope of his employment with G.W. Trucking. *Id.* Do was subsequently pushed into Tejeda after

2

being hit from behind by Narvaez. Doc. No. 8-2 at 3. Tejeda received a citation for an invalid driver's license and Narvaez received a citation for failing to control speed. Doc. No. 2 at 3. Do suffered injuries due to the collision. *Id.*

On February 22, 2022, Do filed his *Original Petition* (Doc. No. 2) in the 136th Judicial District Court in Jefferson County, Texas. Doc. No. 8 at 2. On February 17, 2023, Defendants Roman Narvaez, G.W. Trucking, and G.W. Materials filed their *Notice of Removal* in this court. Doc. No. 1. On March 17, 2023, Do filed the instant *Motion to Remand*. Doc. No. 8.[2] On March 23, 2023, the G.W. defendants filed their *Response to Motion to Remand*. Doc. No. 9. On April 4, 2023, Judge Truncale dismissed Narvaez with prejudice in accordance with the parties' *Stipulation of Dismissal* (Doc. No. 12). Doc. No. 14. Do has not filed a reply to the G.W. defendants' *Response*.

---

[2] The G.W. defendants filed their *Notice of Removal* (Doc. No. 1) pursuant to 28 U.S.C. § 1446(b)(3), alleging that they received "a copy of motion or other paper from which it may first be ascertained that the case is one which is or has become removable." Doc. No. 1 at 2, ¶ 5. According to the G.W. defendants, this "other paper" was Do's *Answers to First Set of Interrogatories* (Doc. No. 1-1), which stated, in part, that "Karla Tejeda was driving a white van without a driver's license." Doc. No. 1 at 4, ¶ 14. The G.W. defendants contend that this interrogatory response now makes the case removable, while also acknowledging that "[t]he case as stated by Plaintiff's initial pleading was not removable based on the inclusion of tort claims against non-diverse Defendants [Tejeda and Hernandez]." Doc. No. 1 at 4, ¶ 14 and 1, ¶ 5.

The undersigned is skeptical that Do's interrogatory response that "Tejeda was driving a white van without a driver's license" somehow makes this case removable almost one year after the original petition was filed in state court. The fact that Tejeda did not possess a valid driver's license at the time of the collision was not newly discovered information—Do included that fact in his original state court petition where he noted that Tejeda "received a citation for having an invalid driver's license." Doc. No. 2 at 3. Removal is only possible via 28 U.S.C. § 1446(b)(3) on the basis that the interrogatory response makes the case removable. If the interrogatory response was not sufficient to make removal ascertainable, as the undersigned believes it was not, the G.W. defendants' notice of removal would otherwise be procedurally defective because it was filed well after the normal thirty-day window required by § 1446(b)(1).

However, 28 U.S.C. § 1447(c) provides that all procedural defects must be raised in a motion to remand filed within thirty days of removal. 28 U.S.C. § 1447(c); *see also H & H Terminals, LC v. R. Ramos Fam. Tr., LLP*, 634 F. Supp. 2d 770, 772 (W.D. Tex. 2009). Here, Do did not raise this procedural defect within thirty days of removal. *See generally* Doc. No. 8. If a plaintiff fails to file a motion to remand based on a procedural defect within thirty days, they lose the right to challenge that defect. *See Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 284 (5th Cir. 2004). Further, a district court cannot remand a case *sua sponte* based on a procedural defect. *In re Allstate Ins. Co.*, 8 F.3d 219, 223 (5th Cir. 1993). This court may nonetheless properly consider Plaintiff's instant *Motion to Remand* (Doc. No. 8) in light of Do's failure to challenge the basis for removal.

## II. Legal Standards

### A. Diversity Jurisdiction and Removal

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Energy Mgmt. Servs. LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). Only cases that "could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This Court must presume "that a suit lies outside its limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). To remove a case based on diversity, the diverse defendant must demonstrate that all the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). Under 28 U.S.C. § 1332, there must be complete diversity of citizenship between all plaintiffs and all defendants and the amount in controversy must exceed $75,000, exclusive of interests and costs. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).

### B. Improper Joinder Doctrine

To establish a claim for improper joinder, the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Mumfrey*, 719 F.3d at 401. Here, the G.W. defendants assert only the second basis for improper joinder in their *Notice of Removal*. Doc. No. 1 at 4, ¶ 14. Regarding the second basis, courts consider "whether the defendant has demonstrated that there is *no* possibility of recovery by the plaintiff against an in-state defendant." *Smallwood*, 385 F.3d at 573 (emphasis added). Put differently, the defendant

4

must show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*  A finding of improper joinder allows federal courts to disregard the citizenship of improperly joined, in-state defendants, dismiss them from the case, and exercise subject matter jurisdiction over the remaining diverse defendants.  *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

The defendant's burden of demonstrating improper joinder is a heavy one.  *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005).  Courts apply the Federal Rule of Civil Procedure 12(b)(6) standard to the allegations in a plaintiff's state court complaint when analyzing improper joinder claims.  *Smallwood*, 385 F.3d at 573.  If the complaint can survive a Rule 12(b)(6) challenge, there is no improper joinder.  *Id.*  The court must focus on the causes of action alleged in the state court petition at the time of filing and at the time of removal in applying the 12(b)(6) standard.  *Brown v. Wright Nat'l Flood Ins. Co.*, No. 20-30525, 2021 WL 2934730, at *4 (5th Cir. July 12, 2021); *see also Mumfrey*, 719 F.3d at 401.  A "mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n.9 (internal quotations omitted).

The Rule 12(b)(6) inquiry for improper joinder analyzes whether a complaint includes sufficient factual allegations "to state a claim to relief [against the in-state defendant] that is plausible on its face." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The factual allegations need only be "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550

5

U.S. 544, 555 (2007). However, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Stringer v. Remington Arms Co., L.L.C.*, 52 F.4th 660, 661 (5th Cir. 2022) (internal citations omitted).

When assessing a motion to dismiss under this rule, the court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023); *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). However, "[c]onclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true." *Allen*, 65 F.4th at 743 (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). "[A] complaint's allegations must make relief plausible, not merely conceivable, when taken as true." *Walker v. Beaumont Independent School District*, 938 F.3d 724, 734 (5th Cir. 2019).

Where the defendant maintains that federal jurisdiction is proper, as the G.W. defendants do here, any "contested factual issues and ambiguities of state law" must be resolved in favor of remand. *Allen*, 907 F.3d at 184. "Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (internal quotations omitted). If even a single valid cause of action exists against a non-diverse defendant, despite the pleading of other unavailing claims, the entire case must be remanded to state court. *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

### III. Discussion

The central issue in Do's instant *Motion to Remand* (Doc. No. 8) is whether the G.W. defendants have met their burden of showing that Do has *no* reasonable possibility of recovery

against the two non-diverse defendants, Tejeda and Hernandez. The undersigned will apply the 12(b)(6) inquiry to Do's alleged causes of action against both Tejeda and Hernandez and consider the causes of action against each in turn.

### A. Claims Against Tejeda

Do alleges negligence, negligence per se, and gross negligence claims against Tejeda. Doc. No. 2 at 3–4. All three claims relate to the general allegation that Tejeda, the driver of the vehicle in front of Do, was partially responsible for the collision and Do's resulting injuries. Doc. No. 8 at 6–7. In their *Notice of Removal*, the G.W. defendants contend that there is no reasonable basis for this court to predict that Do can recover against Tejeda because Do's allegations fail to state a viable claim. Doc. No. 1 at 4, ¶ 14. To establish improper joinder, the G.W. defendants, as the removing parties, have the heavy burden of establishing that Do has *no* possibility of recovery for any of his alleged causes of action against Tejeda based on the allegations in Do's state court petition and Texas law. *Smallwood*, 385 F.3d at 573. The undersigned will consider each claim in turn.

#### 1. Negligence

Regarding negligence, under Texas law, a plaintiff must prove that there is "(1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022). To survive a Rule 12(b)(6) inquiry, Do must have pleaded sufficient factual allegations in his state court petition to render each element of his negligence cause of action plausible. *Iqbal*, 556 U.S. at 678–79. Under Texas law, all drivers have a duty to exercise ordinary care in operating their vehicles "so as not to endanger the safety of others." *Morris v. Santillan*, No. EP-11-CA-414-FM, 2012 WL 13136338, at *3 (W.D. Tex. Sept. 26, 2012). Additionally, "[i]t is the general duty of every driver to keep his car under

control, drive at a reasonable speed, and to keep a lookout for others." *Holland v. United States*, No. 3:14-CV-3780-L, 2017 WL 3480372, at *4 (N.D. Tex. Aug. 14, 2017).

Regarding duty, Do alleged a variety of negligent acts in his state court petition against all defendants, including: failing to operate a motor vehicle at a reasonable and prudent speed; failing to operate a motor vehicle at a speed necessary to avoid colliding with any person, vehicle, or other conveyance on the highway; operating a motor vehicle without a valid license; failing to control speed; operating a vehicle at an excessive rate of speed; failing to timely apply brakes; failing to take evasive action; failing to exercise a proper lookout; and violating one or more provisions of Texas traffic laws. Doc. No. 2 at 3. Do's allegations of Tejeda's alleged negligent actions are sufficient to suggest the existence of a duty under Texas law. Regarding breach, Do alleged that Tejeda "slowed down to pull over to the side of the road causing [Do] to apply his brakes." Doc. No. 2 at 2. Accepting these facts as true, it is plausible that Tejeda breached a duty owed to Do when she slowed her vehicle down and pulled to the side of the road.

However, regarding causation, the G.W. defendants contend that Do did not allege in his pleadings that "Tejeda's failure to pull onto the shoulder or exit the highway, or any other specific act or omission by Tejeda, caused the accident." Doc. No. 9 at 5, ¶ 14. The undersigned agrees. Do has not pleaded sufficient facts showing that Tejeda's alleged actions of slowing down to pull off the road proximately caused the collision and resulting injuries. "Evidence that a car accident occurred does not—standing alone—establish negligence as a matter of law. Rather, it is the plaintiff's burden to prove specific acts of negligence on the part of the driver and that such negligence was a proximate cause of the accident." *Morris v. Santillan*, No. EP-11-CA-414-FM, 2012 WL 13136338, at *3 (W.D. Tex. Sept. 26, 2012) (internal quotations omitted). "The court

cannot infer proximate causation . . . from the fact of injury alone." *Del Castillo v. PMI Holdings N. Am. Inc*, No. 4:14-CV-03435, 2016 WL 3745953, at *16 (S.D. Tex. July 13, 2016).

Do has not pleaded specific facts showing *how* Tejeda slowing down and pulling off the road proximately caused the collision between him and Narvaez, which ultimately pushed Do into Tejeda's car in front. Thus, Do failed to plead sufficient facts in his state court petition to support a negligence cause of action against Tejeda.

### 2.  Negligence Per Se

Regarding negligence per se, under Texas law, a plaintiff must prove: "(1) the defendant's act or omission is in violation of a statute or ordinance; (2) the injured person was within the class of persons which the ordinance was designed to protect; and (3) the defendant's act or omission proximately caused the injury." *Lopez-Juarez v. Kelly*, 348 S.W.3d 10, 27 (Tex. App.—Texarkana 2011, pet. denied). Although Do pleaded that Tejeda received a citation for having an invalid driver's license, he has not alleged a violation of any specific statute or ordinance in his state court petition. Doc. No. 2 at 3–4. Thus, he fails to plead facts establishing the first element of his negligence per se claim. *See Eyer v. Rivera*, No. SA-17-CV-01212-JKP, 2019 WL 5543030, at *2 (W.D. Tex. Oct. 25, 2019) (noting that "[i]n pleading negligence per se, the Plaintiff must cite a particular statute violated by the alleged conduct because without a citation to a statutory provision, the Court is unable to determine whether the facts alleged state a violation of any statute" (internal quotations omitted). Furthermore, "a Plaintiff cannot plead a cause of action for negligence per se without an allegation that a specific statute was violated." *Id*.

Additionally, Do failed to plead facts indicating *how* the injuries he suffered during the collision were proximately caused by Tejeda driving without a license at the time of the collision. *See* Doc. No. 2 at 3–4. Thus, he fails to plead facts establishing the proximate cause element of

his negligence per se claim. *See Lopez-Juarez*, 348 S.W.3d at 28 (noting that the alleged violation of the statute or ordinance must be the proximate cause of the injury for a negligence per se claim). In sum, Do failed to plead sufficient facts in his state court petition to support a negligence per se cause of action against Tejeda.

### 3. Gross Negligence

Regarding gross negligence, under Texas law, "[g]ross negligence has both an objective and a subjective component. First, viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Second, the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others." *Medina v. Zuniga*, 593 S.W.3d 238, 247–48 (Tex. 2019) (internal citations and quotations omitted). Do failed to allege facts showing that Tejeda's actions before the collision involved (1) an extreme degree of risk or (2) that she had subjective awareness of an extreme risk and proceeded in conscious indifference to that risk. Thus, Do failed to plead sufficient facts in his state court petition to support a gross negligence cause of action against Tejeda.

In sum, the G.W. defendants successfully met their burden of showing that Do failed to plead sufficient facts supporting his negligence, negligence per se, or gross negligence claims against Tejeda, an in-state defendant. Even accepting as true all well-pleaded facts in Do's state court petition, Do has no reasonable possibility of recovery for any of these claims. Thus, Tejeda was improperly joined as a defendant and must be dismissed from the case.

### B. Claims Against Hernandez

Do alleges a variety of claims against Hernandez in his state court petition: vicarious liability for Tejeda's negligence, and direct liability for his injuries under theories of negligent

entrustment, hiring, retention, and training.  Doc. No. 2 at 4.  Do's allegations against Hernandez are merely legal conclusions that are unsupported by any facts at all, let alone facts sufficient to support the elements of negligent entrustment, hiring, retention, or training claims.  These allegations cannot satisfy the Rule 12(b)(6) standard because conclusory allegations and legal conclusions are not accepted as true.  *Allen*, 65 F.4th at 743.  Because Do failed to plead any facts in support of his claims against Hernandez, he has no reasonable possibility of recovery for any of these claims.  Thus, Hernandez was improperly joined as a defendant and must be dismissed from this case.

### C.  Other Arguments Raised in the Motion to Remand

#### 1.  Neither Tejeda nor Hernandez Supported Removal

In his instant *Motion to Remand*, Do argues that the doctrine of fraudulent joinder should not apply because neither Tejeda nor Hernandez raised a valid defense to joinder.  Doc. No. 8 at 9.  Specifically, Do contends that "[d]istrict courts have refused to apply the doctrine of fraudulent joinder when the nondiverse or local defendant could have but did not raise a valid defense to its joinder."  *Id.* (citing *Seguros Comercial Am., S.A. de C.V. v. American President Lines, Ltd.*, 934 F. Supp. 243, 245 (S.D. Tex. 1996)).

Do misstates the holding and reasoning in *Seguros*.  In *Seguros*, the court held that a removing defendant cannot argue that (1) a co-defendant was improperly served or (2) the court lacks personal jurisdiction over a co-defendant to defeat the requirement in 28 U.S.C. § 1446(b)(2)(A) that all co-defendants must consent to removal.  *Seguros*, 934 F. Supp. at 245.  This is because defects concerning service of process and the defense of lack of personal jurisdiction can both be waived, but the right to waive them is personal to each defendant.  *Id.*  Thus, the

removing defendant could not establish that the co-defendant was fraudulently joined based upon defenses that could only be raised by the co-defendant. *Id.*

Here, the G.W. defendants do not contend that Tejeda and Hernandez were improperly served or that this court lacks personal jurisdiction. Rather, the G.W. defendants contend that Do failed to state a claim against either Tejeda or Hernandez under the federal pleading standard, and therefore, they are improperly joined. Doc. No. 1 at 4, ¶ 14. Thus, the reasoning in *Seguros* is inapposite to this case. *Seguros* does not support Do's proposition that "district courts have refused to apply fraudulent joinder where a nondiverse defendant could have, but did not, raise a valid defense to joinder." Doc. No. 8 at 9.

Additionally, Do contends that though Hernandez and Tejeda were both properly served, neither sought dismissal from the case nor joined the G.W. defendants in the removal, which thus renders removal improper. Doc. No. 8 at 9. Generally, for proper removal, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This is called the "rule of unanimity," which requires "that all defendants to an action either sign the original [notice of] removal or timely file written consent to the removal . . . within thirty days of services of the state-court petition." *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015).

However, there is an exception to the rule of unanimity where a removing defendant claims that other co-defendants have been improperly joined, as is the case here. A removing defendant "need not obtain the consent of a co-defendant that the removing party contends is improperly joined." *Mauldin v. Allstate Ins. Co.*, 757 F. App'x 304, 309 (5th Cir. 2018) (citing *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007)). Indeed, the Fifth Circuit has explained that requiring a removing defendant to acquire the consent of a co-defendant who is allegedly improperly joined

12

would be "nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Thus, because the G.W. defendants contend that Tejeda and Hernandez were improperly joined, the rule of unanimity does not apply to Tejeda and Hernandez and the G.W. defendants were not required to obtain their consent for removal under 28 U.S.C. § 1446(b)(2)(A).

### 2. Defendants' Removal Based on Plaintiff's Interrogatory Response is Misleading

Do asserts that the G.W. defendants' *Notice of Removal* improperly relies on his response to one contention interrogatory propounded during discovery. Doc. No. 8 at 11. The contention interrogatory has no effect on this court's analysis of improper joinder because a federal court considers the allegations in the plaintiff's state court petition at the time of removal when applying the 12(b)(6) inquiry. *Smallwood*, 385 F.3d at 573. In *Walker*, the court held that the facts to which a court addresses its 12(b)(6) inquiry is "limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." 938 F.3d at 735. Do's interrogatory response does not fall into any of these three categories. Thus, Do's interrogatory responses do not alter the court's analysis.

Additionally, the undersigned is limited to the allegations in the state court petition because this case is not one where a court should "pierce the pleadings and conduct a summary inquiry to determine the propriety of joinder." *Jack v. Evonik Corp.*, 79 F.4th 547, 555 (5th Cir. 2023). The process for when courts may properly pierce the pleadings was articulated in *Smallwood*, where the court held that "there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. In *Smallwood*, the court provided examples of cases where a

13

summary inquiry could reveal such "discrete facts," such as: "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id.* at 574 n.12.

Here, Do's contention interrogatory, which merely states that Tejeda was driving a white van without a valid driver's license, does not constitute a discrete fact that would warrant a summary inquiry. *See* Doc. No. 1-1 at 3. The facts that Tejeda was unlicensed and driving a white van, even when assumed true, do not affect the propriety of joinder of Tejeda and Hernandez. Thus, the undersigned will not conduct a summary inquiry in analyzing the G.W. defendants' improper joinder claims and will instead apply the 12(b)(6) inquiry described above.

### IV.     Conclusion

The G.W. defendants sustained their burden of showing that Do has no possibility of recovery on any of his alleged causes of action against Defendants Tejeda and Hernandez, who are both non-diverse defendants. Thus, because Do failed to plead sufficient facts in his state court petition to establish a reasonable possibility of recovery on any of his claims against Tejeda and Hernandez, the undersigned recommends **DENYING** Plaintiff Quan Do's *Motion to Remand*. Doc. No. 8. Accordingly, Defendants Karla Tejeda and Maria Hernandez are **DISMISSED** as parties to this action.

### V.     Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be

no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 24th day of January, 2024.

_____
Zack Hawthorn
United States Magistrate Judge